# Wendy IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| WENDY KAMEL, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CAUSE NO: _____ |
| vs. ) | |
| ) | |
| ANDERSON POST ACUTE, LLC ) | |
| d/b/a PROVIDENCE ANDERSON, ) | |
| ) | **JURY TRIAL DEMANDED** |
| ) | |
| **Defendant.** ) | |

## COMPLAINT FOR DAMAGES

Plaintiff, Wendy Kamel, by counsel, Delk McNally LLP, for her Complaint for Damages against Defendant, Anderson Post Acute, LLC d/b/a Providence Anderson, hereby alleges and states as follows:

### PARTIES, VENUE AND JURISDICTION

1. Plaintiff, Wendy Kamel, is and has been at all times relevant hereto, a resident of Madison County, Indiana.

2. Defendant, Anderson Post Acute LLC, is a Kentucky limited liability company that during the relevant time period owned and/or operated Providence Anderson – a skilled nursing facility that was located in Anderson, Madison County, Indiana, which is located in the Southern District of Indiana.

3. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 due to federal questions arising under the Americans with Disabilities Act, 42 U.S.C. § 12101 – § 12213 ("ADA").

4. Venue is proper in the Southern District of Indiana pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to this dispute occurred in this District.

## ALLEGATIONS OF FACT

5. Plaintiff is an Army veteran that suffers from Post-Traumatic Stress Disorder (PTSD) due to a traumatic experience she suffered while serving in the military.

6. The PTSD from which Plaintiff suffers substantially limits one or more major life activities.

7. At all times relevant hereto, Plaintiff was employed by Defendant.

8. At all times relevant hereto, Defendant was aware of Plaintiff's PTSD and the triggers/events which can lead to manifestations of Plaintiff's PTSD.

9. At all times relevant hereto, Defendant was well-aware aware of Plaintiff's disability and the limitations experienced by Plaintiff because of her PTSD.

10. The Plaintiff completed a Voluntary Self-Identification of Disability form with the Defendant.

11. At one point during Plaintiff's employment, Defendant moved Plaintiff to a floor nurse position with knowledge that this action would aggravate Plaintiff's PTSD.

12. In fact, Plaintiff was hired to serve in an administrative role due to her PTSD, which would be triggered by the floor nurse position.

13. While serving in the position of a floor nurse, Plaintiff injured herself and filed a worker's compensation claim which was denied by Defendant.

14. Subsequently, while still employed by Defendant, Plaintiff was in a social setting outside of work when her PTSD was again unexpectedly triggered.

15. As a result, Plaintiff was arrested and preliminarily charged with a criminal offense. However, after the local prosecutor's office was informed of Plaintiff's condition and investigated the matter, no formal charges were filed, and the matter was dismissed.

16. Defendant was made aware of Plaintiff's arrest by another employee – the arrest was never made public.

17. Plaintiff was confronted by Defendant's human resources personnel regarding the incident and Plaintiff explained the relationship between the incident and her PTSD.

18. Plaintiff was suspended from work due to the arrest.

19. On September 14, 2020, Plaintiff provided documentation to Defendant demonstrating that no formal charges were filed due to the prosecutor's office acknowledgment of the connection between her conduct and her PTSD.

20. On September 18, 2020, Defendant inexplicably requested a background check of Plaintiff.

21. On September 24, 2020, Plaintiff was terminated by Defendant.

22. Plaintiff was verbally informed that she was terminated due to her arrest several weeks prior because being charged with a crime – which Plaintiff was not charged – allegedly violated company policy.

23. However, the form that Plaintiff was forced to sign confirming her termination stated that she was terminated for failure to comply with resident care plan transfer.

24. Prior to this date, Plaintiff had not received any warning or other discipline from Defendant.

25. Other similarly situated employees of Defendant that did not suffer from a disability were not terminated following criminal charges actually being filed.

26. Plaintiff timely filed a complaint with the Equal Employment Opportunity Commission.

27. The EEOC issues a Determination and Notice of Rights on March 3, 2022, but the Plaintiff never received a copy.

28. Counsel for the Plaintiff eventually received a copy of the Determination and Notice of Rights in early April 2022 after requesting a copy in late March 2022.

DISABILITY DISCRIMINATION

29. Plaintiff incorporates by reference the allegations set forth in Paragraph 1 through 28 set forth herein.

30. Plaintiff is disabled within the meaning of the Americans with Disabilities Act, and Defendant was aware of Plaintiff's disability.

31. Plaintiff was qualified to perform her job for defendant.

32. Plaintiff suffered an adverse employment action because of her disability.

33. Specifically, Plaintiff was terminated because she was arrested – and not charged – due to an incident that was a manifestation of her disability.

WHEREFORE, Plaintiff requests judgment and relief in the form of all statutory damages available to Plaintiff pursuant to U.S.C. § 12117, lost wages, attorney fees, and all other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff, by counsel, respectfully requests a trial by jury on all issues and causes of action asserted herein.

Respectfully submitted,

DELK McNALLY LLP

/s/ Daniel J. Gibson
Daniel J. Gibson, Atty. No. 27113-18
*Attorneys for Plaintiff*

DELK McNALLY LLP
211 S. Walnut Street
Muncie, IN 47305
Tel: (765) 896-9495
Fax: (888) 453-0545
gibson@delkmcnally.com